Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000702
15-APR-2019
08:47 AM

NO. CAAP-15-0000702


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
GARY D. RAMOS, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CR. NO. 12-1-0500)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

Defendant-Appellant Gary D. Ramos (Ramos) appeals from the September 9, 2015 Circuit Court of the Fifth Circuit's[1] (Circuit Court) Judgment of Conviction and Sentence. After a jury trial, the Circuit Court convicted Ramos of Promoting a Dangerous Drug in the Second Degree in violation of HRS § 712-1242(1)(b)(i) (2014)[2] (Count 1), Promoting a Detrimental Drug in

---

[1]    The Honorable Randal G.B. Valenciano presided.

[2]    HRS § 712-1242 provides, in relevant part:

**Promoting a dangerous drug in the second degree.** (1) A person commits the offense of promoting a dangerous drug in the second degree if the person knowingly:

. . . .

    (b)    Possesses one or more preparations, compounds, mixtures, or substances of an aggregate weight of:

        (i)    One-eighth ounce or more, containing methamphetamine, heroin, morphine, or cocaine or any of their respective salts, isomers, and salts of isomers[.]

the Third Degree in violation of HRS § 712-1249 (2014)[3] (Counts 3, 6, & 9), and Prohibited Acts Related to Drug Paraphernalia in violation of HRS § 329-43.5(a) (2010)[4] (Counts 5 & 8). Ramos was sentenced to ten years in Count 1; thirty days in Counts 3, 6, and 9; and five years in Counts 5 and 8 with all terms of imprisonment to run concurrently with each other.

On appeal, Ramos contends the Circuit Court erred in denying two motions to suppress, the first, regarding methamphetamine discovered in the backpack retrieved from his vehicle, in violation of his Hawai'i Constitutional rights; and second, to suppress marijuana found in his residence, because the police did not determine that it was not lawfully possessed as medical marijuana.

After carefully reviewing the points of error raised and arguments made by the parties, the record on appeal, and relevant legal authorities, we resolve Ramos's appeal as follows and affirm.

1. The Circuit Court did not err in denying Ramos's motion to suppress evidence of methamphetamine discovered in a backpack seized from his vehicle. While the police had a search warrant to search Ramos's person, "his personal belongings, including but not limited to clothing, bags, packages and

---

[3] HRS § 712-1249 provides:

> **Promoting a detrimental drug in the third degree.** (1) A person commits the offense of promoting a detrimental drug in the third degree if the person knowingly possesses any marijuana or any Schedule V substance in any amount.
>
> (2) Promoting a detrimental drug in the third degree is a petty misdemeanor.

[4] HRS § 329-43.5(a) provides:

> **Prohibited acts related to drug paraphernalia.** (a) It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of this chapter. Any person who violates this section is guilty of a class C felony and upon conviction may be imprisoned pursuant to section 706-660 and, if appropriate as provided in section 706-641, fined pursuant to section 706-640.

containers" it did not have a warrant to enter his vehicle for that purpose.

> To determine whether a police entry constitutes a "search" within the meaning of the Fourth Amendment and the Hawai'i Constitution, two tests have emerged: (1) the "Katz reasonable expectation of privacy test," State v. Kender, 60 Haw. 301, 303, 588 P.2d 447, 449 (1978), and (2) the Jones/Jardines trespass-intrusion test, Florida v. Jardines, [569 U.S. 1] (2013); United States v. Jones, [565 U.S. 400] (2012).

State v. Phillips, 138 Hawai'i 321, 336-37, 382 P.3d 133, 148-49 (2016). Under Katz, to determine whether a person's expectation of privacy is reasonable, a person must exhibit an actual (subjective) expectation of privacy, and that expectation must be one that society is prepared to recognize as objectively reasonable. Id. at 337, 382 P.3d at 149. Vehicles have consistently been considered constitutionally protected areas in Hawai'i case law. See, e.g., State v. Kapoi, 64 Haw. 130, 637 P.2d 1105 (1981) (retrieving pistol from vehicle is a search for constitutional purposes). In the recently reinvigorated property-based Jones/Jardines trespass intrusion test, a search occurs when: (1) there is a physical intrusion defined as "entering without permission"; and (2) a determination that the underlying purpose of the police is to gather evidence. Phillips, 138 Hawai'i at 337, 382 P.3d at 149 (citations omitted). Here, the police opened the door to the truck, a constitutionally protected area, to retrieve the backpack thereby entering without permission. The police were in the process of executing a search warrant, which objectively demonstrates their underlying purpose was to gather evidence. Therefore, under either test, police seizure of the backpack from within Ramos's vehicle was a warrantless search within the meaning of the Fourth Amendment and the Hawai'i Constitution.

It is well established in this jurisdiction that warrantless searches are unreasonable unless they fall within one of the specifically established and well-delineated exceptions. State v. Jenkins, 62 Haw. 660, 662, 619 P.2d 108, 110 (1980). It is the government which bears the burden of proving a warrantless search to be reasonable, a task it may accomplish by showing that "the facts of the case justified the police in searching without

a warrant and that the search itself was no broader than necessary to satisfy the need which legitimized departure from the warrant requirement in the first place." State v. Kaluna, 55 Haw. 361, 363, 520 P.2d 51, 55 (1974) (citing Cupp v. Murphy, 412 U.S. 291, 295 (1973). In Hawai'i, warrantless vehicle searches are permissible with probable cause and under exigent circumstances. State v. Elliott, 61 Haw. 492, 494-95, 605 P.2d 930, 932 (1980).

Based on the search warrant authorizing the search of Ramos's person and personal belongings, the police had probable cause to search the backpack if the police had probable cause to believe that the backpack was Ramos's personal belonging. The Circuit Court found Ramos was observed driving by in a white truck during the premises search (FOF 6), there was no one else in the truck (FOF 10), from outside the truck the backpack was observed behind the driver's seat (FOF 12), and the backpack was within Ramos's arm's reach (COL 4). Ramos has not challenged the Circuit Court's findings. "[F]indings of fact that are not challenged on appeal are binding on the appellate court." Bremer v. Weeks, 104 Hawai'i 43, 63, 85 P.3d 150, 170 (2004) (citations, ellipsis, and internal quotation marks omitted). The Circuit Court found the backpack belonged to Ramos, and we agree. State v. Nabarro, 55 Haw. 583, 525 P.2d 573 (1973), and State v. Joyner, 66 Haw. 543, 669 P.2d 152 (1983).

Several facts support the conclusion that exigent circumstances existed to excuse the absence of a warrant before seizing the backpack from Ramos's truck. The Circuit Court found that the truck was parked in a public place on the shoulder of Waila'āu Road on the grass (FOF 8). Suzanne Suenaga was present in the house that was the subject of the search warrant and although briefly detained, was not in custody at the time of search and would have had the ability and an interest in tampering with the contraband from the vehicle had police not seized it. Elliott, 61 Hawai'i at 497-98, 605 P.2d at 934-35. Furthermore, as in Elliott, neighbors may have been aware of Ramos's illicit activities and police interest in the vehicle may have drawn those with "more than a passing interest." Id. There

is no indication on the record that the truck was locked after Ramos exited and was detained. In addition, it appears from photographs taken immediately prior to the search that the passenger window was open and the truck was unlocked. The nature of the item being sought was contraband in the form of methamphetamine and the search for contraband is considered a higher exigency than the search for "mere evidence." Elliott, 61 Haw. at 497, 605 P.2d at 93. Finally, under Jenkins, persons have a lower expectation of privacy in automobiles. 62 Hawai'i at 663, 619 P.3d at 111. In short, the facts of this case compare favorably with those in Elliott, where the court found the police can conduct a warrantless search rather than post a guard by or impound the vehicle while seeking a warrant. Id. at 498 n.4, 605 P.2d at 934 n.4.

The Circuit Court did not err in denying the motion to suppress the seizure of Ramos's backpack.

2.    The Circuit Court did not err in denying Ramos's motion to suppress evidence of marijuana found in his residence. Ramos contends that officer's seizure of marijuana, marijuana plants, and related paraphernalia was not permissible under the plain view doctrine because it was not obvious contraband on the basis it can be legally possessed by medical patients.

As Ramos acknowledges, "[a]n otherwise permissible search is not rendered unlawful merely because in the course thereof one drug is discovered instead of a different drug, since there is little chance in such circumstances that a search for the latter is being used as a pretext to search for the former." State v. Davenport, 55 Haw. 90, 100-101, 516 P.2d 65, 72 (1973). Plain view requires three factors, "(1) prior justification for the intrusion; (2) inadvertent discovery; and (3) probable cause to believe the item is evidence of a crime or contraband." State v. Meyer, 78 Hawai'i 308, 314, 893 P.2d 159, 165 (1995) (citing Coolidge v. New Hampshire, 403 U.S. 443, 465-73 (1971)).

Ramos does not contest the prior justification of the intrusion, or the inadvertence of the discovery of the marijuana. Instead, Ramos urges that because marijuana may be legally possessed for medical purposes, the police did not have probable

cause to believe that the marijuana seized was "evidence of a crime, contraband or otherwise subject to seizure."[5] Implicit in this argument is a determination that the legislature's provision for medical marijuana superseded its classification as a criminal substance. However, the Circuit Court concluded that HRS § 712-1249,[6] the criminal prohibition on possession of marijuana, provided probable cause to the police, and that HRS § 329-125(a) provided merely an affirmative defense to prosecution for possession of marijuana. We agree.

The language of HRS § 712-1249 is plain and unambiguous that knowing possession of marijuana is a criminal offense, and therefore marijuana is contraband. HRS § 329-125(a) (2010) provides,

> **Protections afforded to a qualifying patient or primary caregiver.** (a) A qualifying patient or the primary caregiver may assert the medical use of marijuana as an affirmative defense to any prosecution involving marijuana under this part or chapter 712; provided that the qualifying patient or the primary caregiver strictly complied with the requirements of this part.

(Brackets omitted and emphasis added). This language is plain and unambiguous that a qualifying patient may assert an affirmative defense to HRS § 712-1249 is within part IV of HRS chapter 712, criminalizing possession of marijuana. Moreover, HRS § 329-127 (2010) provides,

> **Protection of marijuana and other seized property.** Marijuana, paraphernalia, or other property seized from a qualifying patient or primary caregiver in connection with a claimed medical use of marijuana under this part shall be returned immediately upon the determination by a court that the qualifying patient or primary caregiver is entitled to the protections of this part, as evidenced by a decision not to prosecute, dismissal of charges, or an acquittal; provided that law enforcement agencies seizing live plants as evidence shall not be responsible for the care and maintenance of such plants.

(Emphasis added). This language plainly and unambiguously evinces the legislature's intent that marijuana and paraphernalia

---

[5]     Ramos utilizes the Supreme Court's construction of the third element, that it must be "immediately apparent to the police that they have evidence before them[.]" Coolidge, 403 U.S. at 466. However, we are obligated to follow the language adopted by our supreme court. See generally HRS § 602-5 (Supp. 2015).

[6]     See n.2 supra.

are subject to immediate seizure pending a determination by a court that a person is deserving of the protections of the medical marijuana section. Therefore, because the legislature clearly did not intend to disturb the criminal prohibition on the possession of marijuana, Ramos's argument that the presence of marijuana is not probable cause of a crime is without merit. Therefore, the Circuit Court did not err in denying Ramos's Motion to Suppress the evidence of marijuana in the residence.

For the foregoing reasons, the Circuit Court of the Fifth Circuit's September 9, 2015 Judgment of Conviction and Sentence is affirmed.

DATED: Honolulu, Hawai'i, April 15, 2019.

On the briefs:

Craig A. De Costa,
for Defendant-Appellant.

Tracy Murakami,
Deputy Prosecuting Attorney,
County of Kauai,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge